# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   Cr. No.  1:19-cr-10040-JDB |
| | ) |
| | ) |
| ALEXANDER ALPEROVICH, M.D. | ) |

## MOTION TO RELEASE DEFENDANT AND FOR A HEARING PURSUANT TO 18 U.S.C. § 3142(f)

Comes the defendant, ALEXANDER ALPEROVICH, M.D., through counsel and pursuant to 18 U.S.C. § 3142, the Eighth Amendment to the United States Constitution, Stack v. Boyle, 342 U.S. 1 (1951), and their progeny, and respectfully moves this Honorable Court to enter an Order releasing the defendant upon any conditions the Court deems necessary.

In support, the following is submitted:

(1)     On April 15, 2019, a Grand Jury for the Western District of Tennessee returned a 15 count Indictment against Alexander Alperovich, M.D., Jeffrey W. Young, Jr., and Andrew Rudin, M.D.  [Doc. 4].  Dr. Alperovich is only listed as a named defendant in Count 1, which charges a conspiracy among the three defendants – all medical providers - to distribute controlled substances "outside the course of professional practice and without a legitimate medical purpose" in or around July 2014 through January 2017. Id. at pp. 2, 7. According to the allegations in the Indictment, however, Dr. Alperovich "joined the conspiracy in or around December 2015, and continued in it, to in or around July 2016." Id. at p. 9, para. 31. Dr. Alperovich's role during these months is alleged to have been as the supervising physician for Jeffrey W. Young, Jr., a nurse

practitioner. Id. at p. 10, para. 31. It is for these roughly 7-8 months of involvement as the supervising physician for Mr. Young that the government is seeking the extreme relief of pretrial detention.

(2)     Pursuant to 18 U.S.C. § 3142(f), Dr. Alperovich requests a detention hearing and his release upon any conditions the Court feels necessary to assure community safety and his appearance at proceedings before the Court.

(3)     The rebuttable presumption in 18 U.S.C. § 3142(e)(2) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community is applicable to Dr. Alperovich by virtue of the charge of conspiracy in Count 1. The statutory presumption is applicable because a violation of the Controlled Substances Act for which the potential maximum term of imprisonment is ten years or more is alleged.  See 18 U.S.C. § 3142(e)(3)(A).

(4)     Despite the rebuttable presumption, Dr. Alperovich is not a flight risk or a danger to the community. Even taking the Indictment at face value, Dr. Alperovich ceased to be involved in the conspiracy nearly 3 years ago. He has known about these allegations and the government's investigation for over a year prior to being charged in this case, and there is no question that Dr. Alperovich has long and significant ties to the Jackson community.

(5)     Dr. Alperovich is board-certified in internal medicine, cardiology, interventional cardiology and is a diplomate of the American Board of Phlebology. He has been a practicing physician for over thirty years. There is no history of disciplinary action on his Tennessee medical license, and he is in active practice as a cardiologist with the Advanced Cardiovascular and Vein Center, 1340 Union University Dr., Jackson, TN 38305.

(6)     Dr. Alperovich holds staff privileges with Jackson Memorial County General

Hospital and Regional Hospital in Jackson, TN. He is a member of the American Heart Association and American Medical Association, as well as a Fellow of the American College of Cardiology and American Society of Cardiovascular Interventions. Dr. Alperovich is also a founding member of the Society of Cardiovascular Computed Tomography. He has an active medical practice and patients that depend on his care, and there is no legitimate argument to be made that he should be subjected to pretrial detention while this case – which is complex – is involved in pretrial litigation and trial.

(7)  A memorandum is submitted in support of this motion, which is incorporated herein by reference. The evidence proffered in the supporting memorandum rebuts any presumption of detention. Dr. Alperovich is not a flight risk, and no clear and convincing evidence exists to support a finding that Dr. Alperovich is a danger to the community and that no set of conditions can satisfy any concern for dangerousness if he were released. Accordingly, Dr. Alperovich should be released upon "the least restrictive further condition, or combination of conditions, that the judicial officer determines will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(c)(1)(B); <u>Stack v. Boyle</u>, 342 U.S. 1, 4-5 (1951).

    Respectfully submitted by:

    **MASSEY MCCLUSKY MCCLUSKY & FUCHS**

    _/s/ William D. Massey_
    **WILLIAM D. MASSEY, TN BPR #009568**
    3074 East Street
    Memphis, TN 38128
    (901) 384-4004
    w.massey3074@gmail.com

**RITCHIE, DILLARD, DAVIES & JOHNSON, P.C.**

_____
**STEPHEN ROSS JOHNSON, TN BPR #022140**
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661
johnson@rddjlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/William D. Massey