LAW OFFICES OF
# RITCHIE, DILLARD, DAVIES & JOHNSON, P.C.

606 WEST MAIN STREET, SUITE 300
KNOXVILLE, TENNESSEE 37902

W. THOMAS DILLARD
WAYNE A. RITCHIE II
WADE V. DAVIES
STEPHEN ROSS JOHNSON
JAMES R. STOVALL
SAMANTHA I. WARCHOL

ROBERT W. RITCHIE (1938-2006)
CHARLES W.B. FELS (OF COUNSEL)

TELEPHONE (865) 637-0661
FACSIMILE (865) 524-4623

WWW.RDDJLAW.COM

April 30, 2019

**VIA EMAIL**

Jason Ross Knutson, Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Ave. NW
Washington, DC 20005
Jason.knutson@usdoj.gov

Andrew Pennebaker, Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Ave. NW
Washington, DC 20005
Andrew.Pennebaker@usdoj.gov

Re:   *United States of America v. Alexander Alperovich, M.D.*
      No. 1:19-CR-10040, USDC WDTN, Eastern Division

**REQUEST FOR DISCOVERY**

Dear Messrs. Knutson and Pennebaker :

Rule 16 of the Federal Rules of Criminal Procedure and the constitutional requirements concerning defense discovery require, in most instances, specific requests of certain items by the defense, other than materials that are apparently exculpatory. Therefore, request is herein made for the following specific items:

1. The Defendant's Statements. Under Fed. R. Crim. P. 16(a)(1)(A), the defendant requests:

a) Disclosure of <u>all copies</u> of any written or recorded statements made by defendant; the substance of any statements made by the defendant that the government intends to offer in evidence at trial; any response by the defendant to interrogation or interview by government agents or actors; the substance of the defendant's oral statements that the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of any government agency; any response to any *Miranda* warnings that may have been given to the defendant, (*see United States v. McElroy*, 697 F.2d 459 (2d Cir. 1982)); all statements or questions concerning Fifth or Sixth Amendment rights, and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A).

b) Defendant requests production of arrest reports, investigators' notes, memorandums prepared by arresting and/or processing officers, dispatch tapes, sworn statements, and prosecution reports containing statements of the defendant under Fed. R. Crim. P. 16(a)(1)(A), (B), and (C), Fed. R. Crim. P. 26.2, and 12(i). Defendant specifically requests that any rough notes be preserved, whether or not the government deems them discoverable at this time.

c) All recorded testimony of the defendant or of any person authorized to legally bind the defendant or to make admissions on the defendant's behalf before any grand jury.

d) With respect to the government's due diligence obligation, please provide the name and whereabouts of any government agent or witness who has had contact with the defendant but who has not been interviewed to determine whether the defendant made statements in his or her presence.

e) The substance of all oral statements made by the defendant to government or law enforcement authorities that have not been disclosed pursuant to the above requests and that the government may use at trial. <u>See</u> Fed. R. Crim. Proc. 16(a)-(1)(A). This request includes not only statements the government intends to introduce at trial, but also statements the government may use for impeachment or other purposes.

2. <u>Reports of Scientific Tests or Examinations</u>. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), the defendant requests the reports of all tests and examinations, the results or reports of physical and mental examinations, and of scientific tests, including, without limitation, any handwriting analysis or experiments that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

3. <u>Prior Criminal Record</u>. Pursuant to Fed. R. Crim. P. 16(a)(1)(D), the defendant requests that the government provide a copy of the defendant's prior criminal record, to include but not be limited to any records of arrest or conviction from any jurisdiction, either within or outside the United States, in the possession, custody, or control of the government. Please include rap sheets maintained by the Federal Bureau of Investigation or by any other law enforcement or governmental authority.

The defendant also requests the prior criminal records in the possession of the government of all alleged co-conspirators and others named and unnamed in the indictment. *See United States v. Deardorff*, 343 F.Supp. 1033, 1044 (D.C.N.Y. 1971).

4. *Brady* Material. Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), the defendant requests:

   a) All information, documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issues of guilt, sentencing, and/or the credibility of the government's case. Impeachment and exculpatory evidence falls within *Brady's* definition of evidence favorable to the accused. *Kyles v. Whitley*, 115 S.Ct. 1555 (1995); *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976) *Williams v. Coyle*, 260 F.3d 684, 707 (6th Cir. 2001) (recognizing that "[e]xculpatory evidence includes evidence regarding the reliability of a witness"); Tenn. R. Prof. Responsibility 3.8(d).

   b) Any statements by witnesses that fail to support the theory that the defendant intended to commit a crime. *Brady*; *Kyles*; A.B.A. Standards for Criminal Justice, Prosecution and Defense Function 3-3.11(a) (3d Ed. 1993). This request applies to statements the government may deem to be inadmissible at trial. *United States v. Phillips*, 948 F.2d 241, 249 (6th Cir. 1991). If the government is aware of facts that would constitute *Brady* material but assumes that the defendant or counsel knows or should know such facts, please verify that counsel is aware of these facts.

   c) Any information or evidence that money or other remuneration was paid to any witness by the government, including, but not limited to, rewards, subsistence payments, expenses or other payments for specific information supplied to the government.

   d) Any information regarding any agreements, statements, or promises, express or implied, made to any witness for the government, in exchange for their testimony in this case. *Giglio v. United States*, 405 U.S. 150 (1972). This includes information regarding the status of a witness for the government as a paid informant. *Banks v. Dretke*, 124 S. Ct. 1256 (2004).

   e) Any information in the possession of the government that would tend to show prejudice or bias toward the defendant on the part of any government witness. *Schledwitz v. United States*, 169 F.3d 1003, 1015 (6th Cir. 1999) (stating that "[b]ias is always relevant in assessing a witness's credibility" and finding that government should have informed defendant of the extensive involvement of a key government witness in the investigation against defendant).

   f) The original statement, or any amendment thereto, of any individuals who have provided the government with a statement incriminating the defendant, or any indicted or unindicted alleged accomplices, who later retracted or changed all or any portion of that statement, or testified in any proceeding inconsistently with that statement, where

such retraction or testimony would raise a conflict in the evidence the government intends to introduce. *See United States v. Enright*, 579 F.2d 980 (6th Cir. 1978); *United States v. Hale*, 106 F.3d 402, No. 95-5915, 1997 WL 34697, *3-4 (6th Cir., Jan. 28, 1997) (finding law enforcement memoranda of interviews with government witness containing information inconsistent with witness's trial testimony were exculpatory *Brady* material that should have been disclosed); *see also United States v. Pelullo*, 14 F.3d 881, 886-887 (3rd Cir. 1994) (finding *Brady* violation where prosecution withheld IRS interview memorandum memorializing interview with cooperating witness, where cooperating witness's trial testimony was inconsistent with information in interview memorandum).

g) Any and all interview memoranda or reports that contain any information, whatever the sources, that might fairly be said to contradict or be inconsistent with any evidence the government intends to adduce in this matter, including reports of investigating officers or detectives. *See Id*.

h) The names and addresses of any witnesses the government believes would give testimony favorable to the defendant in regard to the matters alleged in the Indictment, even though the government may not be in possession of a statement of this witness and regardless of whether the government intends to call this witness. *See United States v. Eley*, 335 F. Supp. 353 (N.D. Ga. 1972). This includes the names and addresses of any witnesses who could exonerate the defendant or corroborate his presumption of innocence and plea of not guilty to any portion of the charged offenses.

5. <u>Evidence Seized</u>. The defendant requests production of any evidence seized as a result of any search, either with or without a warrant, under Fed. R. Crim. P. 16(a)(1)(E); 41(c)-(e). Additionally, please provide copies of any search warrants, warrant affidavits, warrant return forms, and/or warrant inventories that were prepared in connection with this case. *See* Fed. R. Crim. P. 12(b)(3), 16(a)(1)(E), 41(c)-(d). If any items were seized, or searches conducted, without a warrant, please indicate the warrant exception pursuant to which the seizure or search occurred. U.S. Const. Amend. IV; Fed. R. Crim. P. 12(b)(3). Please provide copies or photographs of all documents and items that were obtained as a result of searches or seizures, whether or not without a warrant. Fed. R. Crim. P. 16(a)(1)(E), 41(c)-(e). This necessarily includes any items for which there is a cognizable privacy interest, such as electronic communications, that were obtained via any government process, such as investigative demand, administrative subpoena, grand jury subpoena, or any official or unofficial process other than a search warrant. *United States v. Warshak*, 631 F.3d 266 (6th Cir. 2010) (holding individual reasonable expectation of privacy exists in personal and business email communications, and it violated Fourth Amendment for government to obtain those communications stored in third party computer server absent search warrant).

6. <u>Request for Preservation of Evidence</u>. The defendant specifically requests that all video recordings, audio recordings, rough notes, reports, time records, compilations, calculations, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and that relates to the indictment or the events leading to

the indictment in this case be preserved, whether or not the government deems them discoverable at this time. Some of these materials may later be required to be produced before cross-examination pursuant to Fed. R. Crim. P. 26.2 or as materials reviewed by a witness in preparation for testimony.

7. <u>Tangible Objects</u>.   The defendant requests, under Fed. R. Crim. P. 16(a)(1)(E), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including alleged contraband, photographs, books, papers, documents, buildings, automobiles, or places, or copies, depictions, or portions thereof that are material to the defense or intended for use in the government's case-in-chief, or that were obtained from or belong to the defendant. Descriptions of all objects, buildings, or places that are material to the preparation of the defense, intended for use at trial, or obtained from or belong to the defendant. Fed. R. Crim. Proc. 16(a)(1)(E).

   a) A detailed description of any documents, objects or physical evidence relating to this case that have been destroyed, lost, or are no longer in the custody or control of the government.  If the government contemplates destroying or releasing any such items in the future, we request notice and an opportunity to object prior to any such action.

   b) Further, the items requested herein specifically include, but are not limited to, any and all items obtained, seized, or subpoenaed in the course of this investigation that the government does not intend to use in its case in chief, as its decision not to use arguably relevant material creates the inference that it is passively or actively helpful to the accused.  Cf. Rule 16; 2 Wigmore, Evidence, §§ 285, 286 (Chadburn rev. 1979).

8. <u>Information Regarding Informants and Cooperating Witnesses</u>.  The defendant requests that the government provide all relevant information concerning any informants or cooperating witnesses involved in this case.  At a minimum, the government is obligated to disclose the identification and location of any informants or cooperating witnesses, as well as the names of persons who were present at any time of the events set forth in the indictment and/or who have knowledge of facts bearing on guilt or innocence. *Banks v. Dretke*, 124 S.Ct. 1256 (2004) (finding a *Brady* violation where it was not disclosed that a government witness was a paid informant); *Roviaro v. United States*, 353 U.S. 53 (1957); *United States v. Sharp*, 778 F.2d 1182, 1185-1187 (6th Cir. 1985) (discussing *Roviaro*).

The government's privilege under *Roviaro* to withhold disclosure of the identity of individuals who furnish information concerning illegal activity is limited where the disclosure of an informant's identity is relevant and helpful to the accused's defense. *See United States v. Whitley*, 734 F.2d 1129, 1137 (6th Cir. 1984); *United States v. Harper*, 609 F.2d 1198 (6th Cir. 1979) (reversing due to government's failure to disclose identity of confidential informant and impeachment material concerning informant to defense prior to suppression hearing).

9. <u>Evidence of Bias or Motive to Lie</u>.  The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987);

5

*Schledwitz v. United States*, 169 F.3d 1003 (6th Cir. 1999) (stating that "[b]ias is always relevant in assessing a witness's credibility"); *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988).

10. <u>Impeachment Evidence</u>.  The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609 and 613.  Such evidence is discoverable under *Brady*, 373 U.S. at 83.  <u>See</u> *Strickler v. Greene*, 527 U.S. 263, 280 (1999) (finding that a sharp contrast between initial statements by government witness as to her perception of the events to which she testified at trial and her testimony at trial constituted favorable evidence under *Brady* for impeachment purposes, even if inculpatory);  *Kyles v. Whitley*, 514 U.S. 419 (1995); *Giglio v. United States*, 405 U.S. 150; 154-55 (1972) (clarifying that *Brady* requires the disclosure of impeachment material); *United States v. Parks*, 30 Fed. Appx. 534, 539 (6th Cir. 2002) (government must disclose impeachment material of its witnesses); *Schledwitz v. United States*, 169 F.3d 1003, 1011-12 (6th Cir.1999) (finding impeachment evidence to be exculpatory evidence that must be disclosed pursuant to *Brady*);  *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988) (witness's prior record); *Thomas v. United States*, 343 F2d 49 (9th Cir. 1965) (evidence that detracts from a witness's credibility).

11. <u>Evidence of Criminal Investigation of Any Government Witness</u>.  The defendant requests any evidence that any prospective witness is or has been under investigation by federal, state, or local authorities for any criminal conduct.  *U.S. v. Chitty*, 760 F.2d 425, 428 (2d Cir. 1985) (finding that evidence that government witness had been under investigation was discoverable impeachment evidence pursuant to *Brady*).

12. <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>.  The defendant requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or any other controlled substance, or has ever been an alcoholic.  *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980); *Zeigler v. Callahan*, 659 F.2d 254, 262 (1st Cir. 1981); *Anderson v. State of S. C.*, 542 F.Supp. 725, 731 (D.S.C. 1982); *Love v. Freeman*, 188 F.3d 502, 502 (4th Cir. 1999).

13. <u>Names of Witnesses Favorable to the defendant</u>.  The defendant requests the names of any witnesses who have made an arguably favorable statement concerning the defendant or who otherwise may have exculpatory or impeachment information relating to the facts of this case. *Campbell v. Marshall*, 769 F.2d 314, 318 et seq. (6th Cir. 1985); *United States v. Enright*, 579 F.2d 980, 989 (6th Cir. 1978); *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir. 1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979); *Leka v. Portuonda*, 257 F.3d 89, 97-103 (2d Cir. 2001); *Bragan v. Morgan*, 791 F.Supp. 704, 715.

14. <u>Statements Relevant to the Defense</u>.  The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert.  *See Jamison v. Collins*, 291 F.3d 380 (6th Cir. 2002) (finding that suppression of positive identification of different suspects by eyewitness disadvantaged defendant in conducting his defense and was material under *Brady*); (*United States v. Bailleaux*, 685 F2d 1105, 1114 (9th Cir. 1982); *United States v. Bailey*, 689 F.Supp. 1463, 1468 (N.D.Ill. 1987); *United States v. Layton*, 564 F.Supp. 1391, 1396 (D.Or. 1983).  This includes in particular any statements by witnesses who have a good understanding of this case.

15. <u>Jencks Acts Material</u>.  The defendant requests all material to which he is entitled pursuant to the "Jencks Act," 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2.  The defendant specifically requests pretrial production of these statements, which include but are not limited to grand jury testimony, so that the court may avoid unnecessary recesses and delays for defense counsel to properly use any such statements and to prepare for cross-examination. This request also applies to all pretrial hearings pursuant to Rule 12(b).  Fed. R. Crim. Proc. 26.2(f).  *United States v. Minsky*, 963 F.2d 870, 876 (6th Cir. 1992) (finding that government, in order to promote judicial economy, should disclose *Jencks* material to defense well in advance of trial).  *See also United States v. Algie*, 667 F.2d 569 (6th Cir. 1981) (suggesting that often better practice is to turn over Jencks material early); *United States v. Louis Trauth Dairy, Inc.*, 1994 WL 876372 (S.D. Ohio 1994) (requiring early disclosure of mixed *Jencks/Brady* information in complex cases so that the defense can make "effective use" at trial of the information).

16. <u>Giglio Information</u>. Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information that could arguably be used for the impeachment of any government witnesses.  *United States v. Presser*, 844 F.2d 1275, 1278 (6th Cir. 1988).

17. <u>Government Examination of Law Enforcement Personnel Files</u>. The defendant requests that the government examine the personnel files and any other files within its custody, care or control, or that could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting any confidential informant in this case.  The defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).   *See United States v. Jennings*, 960 F.2d, 1488, 1492 (9th Cir. 1992).  If you have any doubt as to what constitutes impeachment material, please submit the questioned portion to the Court for an in camera inspection.  *Campbell v. Marshall*, 769 F.2d 314, 318 (6th Cir. 1985).

18. <u>Expert Witnesses</u>. Pursuant to Fed. R. Crim. P. 16(a)(1)(G), the defendant requests disclosure of the identities and qualifications of any expert or opinion witnesses the government intends to call at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence, as well as a written summary of that witness's testimony, including their opinions and the bases and reasons thereof.

19. <u>Other Government Documents</u>.  The defendant requests production of all government documents, including but not limited to notes and reports, that provide or may provide exculpatory or impeachment information. *See e.g., White v. Helling*, 194 F.3d 937, 943-45 (8th Cir. 1999).

20. <u>Character Evidence</u>.  The defendant requests that the government give notice and a detailed description of any evidence it intends to offer at trial under Fed. R. Evid. 404(b), 608, and/or 609.  In particular, please describe in detail any evidence of uncharged conduct of the defendant analogous or similar to the conduct charged in the indictment.

21. <u>Intercepted Communications</u>.  The defendant requests that the government advise whether he is an "aggrieved person" as that term is defined in 18 U.S.C. § 2510(11) and, if so, the defendant requests that the government set forth in detail the circumstances thereof. The defendant further requests copies of the recorded communications, as well as any transcripts made from such recordings, of any intercepted communications in this matter.  Of note is that the defendant need not have been a party to the intercepted communication in order for him to have standing to both request such communication and move for its suppression. *See United States v. Cooper*, 868 F.2d 1505, 1509-10 (6th Cir. 1989).

22. <u>Grand Jury testimony</u>.  With regard to grand jury testimony at any location relating to this case, defendant requests copies of all testimony that would be exculpatory in nature, either tending to show that the defendant did not commit the crimes charged or tending to show that the witness' testimony was contradicted, impeached, or otherwise rendered suspect. *See United States v. Tincher*, 907 F.2d 600 (6th Cir.1990).

23. <u>Co-conspirators</u>.  Please supply the names and addresses of all alleged co-conspirators that may be named in the indictment as "known to the Grand Jury" and any others, such as those listed as "unknown to the Grand Jury" or those not named or listed, as they may become known to the government. *See United States v. Ramirez*, 602 F.Supp. 783, 793 (S.D.N.Y. 1985); *United States v. Chovanec*, 467 F.Supp. 41, 46 (S.D.N.Y. 1979); *United States v. DeGroote*, 122 F.R.D. 131, 137 (W.D.N.Y. 1988).  Please also provide any written, recorded, or oral statements of co-conspirators, whether or not indicted, made to a public servant engaged in law enforcement, or to a person then acting under his or her direction or in cooperation with the government, which the government intends to offer at trial.

24. <u>Government witnesses</u>.  List the name, address, and phone number of any person the government intends or will potentially call as a witness at trial or any hearing in this case.  18 U.S.C. § 3432; ABA Standards, Discovery 2.1(a)(I).

25. <u>Opinion Testimony</u>.  A notice of whether the government intends to rely upon any opinion testimony, either by lay witnesses or by experts, and the facts or data upon which such witnesses will rely to base their opinions.  Specifically, the defendant requests that this disclosure include, but not be limited to, all periodicals, treatises, interdepartmental reports, intra departmental reports, and all documents, reviews, considered or relied upon by any

person who is to testify as an expert.  Disclosure of such intent is sought pursuant to the 5th, 6th, and 14th Amendments to the United States Constitution, Fed. R. Crim. Proc. 12 and Rule 705 of the Federal Rules of Evidence, which acknowledges that the Court has authority to order pretrial disclosure of the underlying facts or data upon which an expert bases his or her opinion.

26.  <u>Business records</u>.  Any and all documents upon which the government intends to rely, and the admissibility of which it will contend rests on Fed. R. Evid. 803(6).  Disclosure of such documents is required in order to protect the defendant's rights under the 5th, 6th, and 14th Amendments to the United States Constitution.

27.  <u>Statements of unavailable declarants</u>.  Any and all statements the government will seek to admit into evidence upon the theory that the declarant is unavailable as well as whether it intends to rely upon the former testimony of such declarant. Fed. R. Evid. 804.  Disclosure of such statements and information is required in order to protect the defendant's rights under the 5th, 6th, and 14th Amendments to the United States Constitution.

Thank you for your assistance in this matter. I look forward to continuing to work with you on this case.

With kindest personal regards, we remain

Sincerely yours,

**RITCHIE, DILLARD, DAVIES & JOHNSON, P.C.**

*(signature)*

**STEPHEN ROSS JOHNSON**


**MASSEY MCCLUSKY MCCLUSKY & FUCHS**

*(signature)*

**WILLIAM D. MASSEY, TN BPR #009568**
3074 East Street
Memphis, TN 38128
(901) 384-4004
w.massey3074@gmail.com

*Attorneys for Alexander Alperovich, M.D.*

SRJ/kem