LAW OFFICES OF

# RITCHIE, DILLARD, DAVIES & JOHNSON, P.C.

606 WEST MAIN STREET, SUITE 300
KNOXVILLE, TENNESSEE 37902

W. THOMAS DILLARD
WAYNE A. RITCHIE II
WADE V. DAVIES
STEPHEN ROSS JOHNSON
JAMES R. STOVALL
SAMANTHA I. WARCHOL
AVERY C. SHELL

ROBERT W. RITCHIE (1938-2006)
CHARLES W.B. FELS (OF COUNSEL)

TELEPHONE (865) 637-0661
FACSIMILE (865) 524-4623

WWW.RDDJLAW.COM

November 13, 2019

**VIA EMAIL**

Jason Ross Knutson, Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Ave. NW
Washington, DC 20005
Jason.Knutson@usdoj.gov

Andrew Pennebaker, Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Ave. NW
Washington, DC 20005
Andrew.Pennebaker@usdoj.gov

      Re:   *United States of America v. Alexander Alperovich, M.D.*
              No. 1:19-CR-10040, USDC WDTN, Eastern Division

              **SECOND REQUEST FOR DISCOVERY**

Dear Messrs. Knutson and Pennebaker:

      We provided you with a specific request for discovery in this case dated April 30, 2019, and have received items from you in electronic format via internet download link, flash drive, and hard disk drive on May 15, May 16, and August 16, 2019. While our analysis and review of the materials are ongoing, we are far enough along to be able to generally categorize what you have provided, and we have also determined, at least initially, what we believe you have not provided.

The materials you have disclosed to us to date can be categorized as follows:

1. Complaints made to the Tennessee Bureau of Investigation (TBI) regarding Jeffrey Young;
2. TBI Investigation Reports, U.S. Drug Enforcement Agency (DEA) Form 6 Reports, and some of the materials referenced therein as N-Exhibits concerning the law enforcement investigation of Jeffrey Young, to include discussions about the execution of search warrants at Jeffrey Young's medical office, residence, and vehicle;
3. Undercover law enforcement video recordings from Jeffrey Young's medical office, PreventaGenix;
4. Jeffrey Young's health licensure information;
5. Patient records seized during the execution of a search and seizure warrant at Jeffrey Young's medical office, PreventaGenix;
6. Cell phone forensic image data pertaining to devices from Angela Hazlehurst, Kristie Gutgsell, and John Kevin Phillips;
7. Recordings of alleged sexual encounters presumably made by Jeffrey Young in his medical office and residence;
8. Mobile phone call logs pertaining to over 50 cell numbers;
9. Files pertaining to the Tennessee Health Related Board investigation and Tennessee Department of Health administrative proceedings involving Jeffrey Young;
10. Facebook, Instagram, and Twitter social media and internet messaging reports concerning Jeffrey Young;
11. Forensic imaging of Jeffrey Young's iPad;
12. Some checks appearing to be Regions Bank financial records; and
13. Audio recordings of interviews pertaining to the Tennessee Health Related Board investigation of Jeffrey Young.

The first production of the above materials was via a computer external hard drive that contains documents numbered 151389 through 10612650. [Doc. 77]. The second production, which was made via internet download, contains documents labeled 1 through 151012. [Doc. 91]. The third production, made via flash drive, contains documents labeled 106126251 through 106128205. *See* Letter dated Aug. 14, 2019. The materials produced to date are an extremely large number of items and include not only scanned PDF documents but also computer files of varying format and hours of video and audio recordings. Many of the materials in the second electronic production via download are in a compressed format, reducing their actual electronic file size, and much effort had to be undertaken to unzip or de-compress the files. The items provided consist of over 124 gigabytes of material.

Let's turn to what we believe you have not provided. First, despite having produced an extremely large volume of information electronically, you have not given it to us in a way that is searchable. The materials are not optical character recognized (OCR'd), and we request that the items previously produced, and any supplemental productions, be provided in an OCR'd and searchable format. It is unlikely that these materials are not already available to you in

2

such a format. By not producing the scans of the medical and other records, for example, in PDF format that is word searchable, it creates unnecessary financial and time burdens on defense counsel to OCR each document so that the discovery materials can be indexed and searched, which creates a delay in defense preparation and investigation, and in turn causes delay in effectively raising and litigating pretrial matters and ultimately conducting the trial of this case. It further increases the likelihood of the defense missing the proverbial needle in the government's haystack, especially when dealing with the volume of information that exists in a complex case like this one.

Second, in our initial request for discovery of April 30, 2019, we requested certain materials concerning any opinion or expert testimony. [Doc. 56, ¶¶ 2, 18, and 25]. To date, the government has not responded to that portion of the request or provided any expert or opinion witness materials. This is a case in which it is alleged that Dr. Alperovich conspired to cause medically unnecessary prescriptions for controlled substances to be issued through his limited role - for approximately six months - as the listed supervising physician for co-defendant Jeffrey Young. It is anticipated that much of the factual dispute in this criminal case will turn on interpretation of medical records, medical decision-making, and medical supervision of a mid-level provider, all of which will involve multiple types of expert or opinion testimony. Not providing this information in a timely fashion at the outset of this case has already caused unnecessary delay, and surely the government already knows who its opinion or expert witnesses are and can produce the related discovery information and materials. *United States v. Owens*, 933 F.Supp. 76, 89 (E.D.N.Y. 1996) ("By seeking an indictment, the government represents in good faith that it can make out a *prima facie* case as to each crime charged. This means *at that time* it has witnesses and exhibits in hand.") (emphasis in original).

Third, the subpoenas, search warrants and warrant applications, and other like tools used by the government to gather its evidence in this case have not been produced, other than a copy of a DEA administrative subpoena dated September 28, 2016, faxed to the Tennessee Department of Health for its licensure investigation file concerning Jeffrey Young. Utilization of an administrative subpoena to gather materials for a criminal matter aside, this administrative subpoena is the only document provided concerning the process by which the government obtained the discovery items disclosed and that presumably it intends to introduce or make use of during the trial of this case. In our initial discovery request, we specifically asked for "copies of any search warrants, warrant affidavits, warrant return forms, and/or warrant inventories that were prepared in connection with this case" as well as any other process used to obtain materials in this matter "such as investigative demand, administrative subpoena, grand jury subpoena, or any official or unofficial process other than a search warrant." [Doc. 56, ¶ 5]. Necessarily included in that request, to the extent not clear before but explicitly stated now, are any and all chain of custody logs and documentation. Absent having these materials, it cannot be determined whether there are constitutional suppression, evidentiary exclusion, or other related legal issues surrounding the evidence that defense counsel must investigate, research, raise via motion, and litigate for Dr. Alperovich to be provided effective assistance of counsel and a full and fair determination of the legal issues presented, to include the ultimate issue of guilt or innocence.

Fourth, the DEA 6 reports provided reference the following N-Exhibits that the government has not produced, and we herein specifically request the production of these items:

1. N-1 – Facebook page
2. N-57 – Forensic image of thumb drive
3. N-58 – Forensic image of thumb drive
4. N-59 – Forensic image of thumb drive
5. N-60 – Forensic images of two (2) thumb drives
6. N-61a – Archive summary of MacBook
7. N-63 – Forensic images of PreventaGenix computers and laptops
8. N-64 – Forensic images of PreventaGenix computers and laptops
9. N-65 – Forensic images of PreventaGenix computers and laptops
10. N-66 – Forensic images of PreventaGenix computers and laptops
11. N-67 – Forensic images of PreventaGenix computers and laptops
12. N-68 – Digital evidence examination report and findings report
13. N-69 – Forensic images of PreventaGenix computers and laptops
14. N-70 – Forensic images of PreventaGenix computers and laptops
15. N-71 – Forensic images of PreventaGenix computers and laptops
16. N-72 – Forensic images of PreventaGenix computers and laptops
17. N-73 – Forensic images of PreventaGenix computers and laptops
18. N-74 – Forensic images of PreventaGenix computers and laptops
19. N-79 – Miscellaneous financial documents
20. N-83 – Patient chart of April Downing
21. N-84 – Patient chart of Jeffrey Young, II
22. N-85 – Inventory and destruction forms
23. N-86 - Invoices
24. N-87 – Diagram of PreventaGenix
25. N-90 – Footage of execution of search warrant
26. N-91 – Photographs taken during execution of search warrant
27. N-92 – Video footage of residence of Jeffrey Young, II
28. N-93 – Copies of prescriptions filled for Jeffrey Young, II by Angela Hazlehurst
29. N-95 – Video of Jeffrey Young, II and John Kevin Phillips performing a medical procedure at PreventaGenix
30. N-98 – Jail calls by John Kevin Phillips
31. N-103 – Jail calls by John Kevin Phillips
32. N-105 – Jail calls and visitation calls by John Kevin Phillips

The items we have indicated above are by no means exhaustive of what we believe the government's discovery obligations to be in this matter. Rather, we are at a point in our review where we can determine some of what we believe has not been provided and is discoverable. It is our hope that we can resolve these discovery issues absent intervention by the Court.

Thank you for your assistance in this matter. We look forward to continuing to work with you.

                          Sincerely,

                          RITCHIE, DILLARD, DAVIES & JOHNSON, P.C.

                          /s/Stephen Ross Johnson
                          STEPHEN ROSS JOHNSON [BPR No. 022140]
                          606 W. Main Street, Suite 300
                          Knoxville, TN 37902
                          (865) 637-0661
                          www.rddjlaw.com
                          johnson@rddjlaw.com

                          MASSEY, MCCLUSKY, MCCLUSKY & FUCHS

                          /s/William D. Massey
                          WILLIAM D. MASSEY [BPR No. 009568]
                          3074 East Street
                          Memphis, TN 38128
                          (901) 384-4004
                          w.massey3074@gmail.com

                          *Attorneys for Alexander Alperovich, M.D.*