# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Cr. No. 1:19-cr-10040-JTF |
| | ) | |
| ALEXANDER ALPEROVICH, M.D. | ) | |

## MOTION TO VACATE REMAINING DEADLINES IN PRETRIAL ORDER ON DISCOVERY AND SCHEDULING (DOC. 174)

Comes the defendant, Alexander Alperovich, M.D., through counsel and with the agreement of all parties, and respectfully moves this Court for an Order vacating the pretrial deadlines in the Pretrial Order on Discovery and Scheduling entered June 4, 2020 (Doc. 174). The trial in this matter is currently scheduled on March 15, 2021.

In further support, the following is stated:

(1) On May 21, 2020, a report date was held to address scheduling and discovery issues. (Doc. 169). The Court reset the trial date to March 15, 2021 and directed the parties to confer and submit a joint proposed pretrial scheduling order. *Id*. On June 4, 2020, the parties submitted a proposed Pretrial Order on Discovery and Scheduling that was approved and entered by the Court (Doc. 174), scheduling the government's expert disclosures for August 1, 2020, the defense expert disclosures for October 14, 2020, a discovery deadline of September 14, 2020, a pretrial motions deadline for October 30, 2020, a *Daubert* motions deadline of December 15, 2020, the government's witness and exhibit list deadline for January 14, 2021, and the motions *in limine* deadline for February 15, 2021. A pretrial conference was scheduled for March 5, 2021. *Id*.

(2)     On September 11, 2020, the government filed a Motion to Amend Scheduling Order (Doc. 177) asking the Court to vacate the current September 14, 2020 discovery deadline and set a new deadline for production of certain materials, to include over 50,000 documents and 100,000 images or videos of search warrant electronic data that needed to be reviewed by a privilege review team. *Id.* at pg. 3, n. 2. On September 15, 2020, the Court granted the government's motion and vacated the discovery deadline set for September 14, 2020. The Court held that the parties shall jointly submit a protocol for managing the negotiation and production of potentially privileged documents to defendants or should file individual proposals if a joint proposal could not be agreed upon. *Id.*

(3)     On October 14, 2020, the United States filed an Unopposed Motion for a Discovery Protocol Governing Disclosure of Material Subject to Claims of Privilege and a proposed order (Docs. 180 and 180.1). The Court granted the motion and entered the Order Granting Motion for Discovery Protocol Governing Disclosure of Material Subject to Claims of Privilege (Doc. 182), allowing the government additional time to produce the materials subject to claims of privilege.

(4)     Because the government is still engaged in discovery production, and that production is complicated by the privilege claim issues, defense counsel cannot be expected to fully complete the defense investigation, determine all necessary pretrial motions to research and file, and otherwise fully engage in the necessary requirements of the defense function in a federal criminal case under the current pretrial schedule.

(5)     Counsel for Dr. Alperovich is authorized to represent that the government and counsel for all co-defendants agree that the remaining deadlines in the Pretrial Order on Discovery and Scheduling should be vacated. A proposed Order is submitted with this Motion, and counsel for Dr. Alperovich is authorized to represent that counsel for all parties agree with

its contents and approve of its entry. The proposed Order provides that by November 20, 2020, the parties are to submit a revised agreed Scheduling Order or, if agreement cannot be reached, for the parties to submit their respective positions to the Court.

(6) This motion is not made for the purpose of procrastination or unreasonable delay in this matter or some other improper purpose, but rather so that counsel may provide the defendant with the effective assistance of counsel to which he is entitled, that the defendant receive zealous representation, and that the defendant, through counsel, be able to adequately review discovery, research potential issues to be raised via motion, and investigate and develop evidence necessary to present a defense to the charged offenses. *See* 18 U.S.C. § 3161(h)(7)(B); Tenn. Sup. Ct. R. 8, Rules of Prof. Conduct; U.S. Const. Amend. VI.

(7) A proposed order for the Court's consideration will be sent to chambers.

Respectfully submitted,

***RITCHIE, DILLARD, DAVIES & JOHNSON, P.C.***

/s/Stephen Ross Johnson
**STEPHEN ROSS JOHNSON, TN BPR #022140**
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661
johnson@rddjlaw.com


***MASSEY MCCLUSKY MCCLUSKY & FUCHS***

/s/William D. Massey
**WILLIAM D. MASSEY, TN BPR #009568**
3074 East Street
Memphis, TN 38128
(901) 384-4004
w.massey3074@gmail.com


*Attorneys for Alexander Alperovich, M.D.*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 30, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                                         s/Stephen Ross Johnson